# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MERSHAUN JOHNSON, | : | Case No. 2:23-cv-792 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Michael H. Watson |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, WARREN | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding without the assistance of counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition and Return of Writ, to which Petitioner did not reply. (Doc. 3, 8). For the following reasons, the Undersigned **RECOMMENDS** that the Petition be denied, because it is time-barred under 28 U.S.C. § 2241(d)(1).

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following set of facts leading to Petitioner's conviction and sentence:[1]

> {¶ 2} By indictment filed May 4, 2017, plaintiff-appellee, State of Ohio, charged Johnson with two counts of murder in violation of R.C. 2903.02, unclassified felonies, both with accompanying firearm and repeat violent offender specifications; one count of discharge of firearm on or near prohibited premises in violation of R.C. 2923.162, a first-degree felony, along with an accompanying firearm specification; one count of escape in violation of R.C. 2921.34, a second

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless a petitioner rebuts the presumption by "clear and convincing evidence." Because Petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493–94 (6th Cir. 2004).

degree felony, along with an accompanying repeat violent offender specification; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16, a fourth-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13, a third-degree felony, along with an accompanying firearm specification. The charges related to the shooting death of Charles Staten on April 7, 2017.

{¶ 3} After initially entering a plea of not guilty, Johnson subsequently entered a guilty plea to one count of the stipulated lesser-included offense of voluntary manslaughter in violation of R.C. 2903.03, with a three-year firearm specification, and one count of discharge of a firearm on prohibited premises with a three-year firearm specification. Pursuant to the offenses included in the guilty plea and accompanying firearm specification, Johnson faced a maximum possible sentence of 28 years in prison. The parties jointly recommended a sentence of 22 years, with 14 total years on the voluntary manslaughter conviction to run consecutive to 8 total years on the discharging a firearm on a prohibited premises conviction, including the accompanying firearm specifications.

{¶ 4} At the October 23, 2018 combined guilty plea and sentencing hearing, the state discussed the parties' jointly recommended sentence by stating:

> The maximum potential penalty in this case is 28 years in the ODRC. It's the joint recommendation of the parties that the defendant be sentenced to 22 mandatory ODRC, 22 years mandatory ODRC. The breakdown of the sentence is indicated on the plea form. That's suggested from all the parties. All of the sentence in this case is mandatory due to the defendant's prior conviction as to the two counts and the firearm specs are also mandatory. I believe the Court has a signed Entry of Guilty Plea form in this matter.
>
> The State would additionally request that Counts Two, Four, Five and Six be nolled should the Court accept the guilty plea. (Sentencing Tr. at 46-47.)

{¶ 5} The trial court then asked for the facts, and the state submitted the following:

> Your Honor, this occurred April 7 of 2016. The defendant, Mershaun Johnson, fired a revolver out of his car at least six times. One bullet struck the victim in the torso ripping through his organs. He died in the hospital later that night from that gunshot wound. This occurred at 1776 Parsons Avenue in Franklin County, Ohio.

2

> A CPD officer happened to be nearby. He was alerted to the shooting. He stopped the defendant almost immediately after in his vehicle. Once the defendant was in his vehicle, the defendant feigned a medical emergency. He had slipped out of - - out of his handcuffs and took off running. He was captured - - that was the basis of the escape charge. He was apprehended shortly thereafter. Later a firearm was recovered in his car that had six spent rounds. The revolver matched the spent bullet and jacket that was found at the murder scene. The defendant's DNA was on the revolver.
>
> As was discussed earlier, the defendant did give a statement where he put himself at the scene but said that he was running and the reason for his escape was because of his - - he was afraid of being sent back to jail for his parole on the aggravated robbery.
>
> Those offenses all occurred in Franklin County, Ohio.

(Sentencing Tr. at 47-48.) Additionally, the state informed the trial court that Johnson had previous convictions of aggravated robbery and having a weapon under disability. The trial court asked defense counsel whether he had any exceptions to the facts, and defense counsel replied "[n]ot for the purposes of the plea, Your Honor." (Sentencing Tr. at 48.)

{¶ 6} After the state submitted the facts, the trial court accepted Johnson's guilty plea and proceeded directly to sentencing. Rather than imposing the jointly recommended sentence of 22 years, the trial court instead imposed an aggregate sentence of 25 years in prison. The trial court ordered the sentences to run consecutive to each other, but the trial court noted the gun specifications merged for purposes of sentencing. The trial court journalized Johnson's convictions and sentence in an October 23, 2018 judgment entry.

(Doc. 7, at PageID 172–74).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

In January 2017, a Franklin County, Ohio, grand jury returned a six-count indictment charging petitioner with two counts of murder and one count each of discharge of a firearm on or near prohibited premises, escape, improperly handling firearms in a motor vehicle, and having

3

weapons while under disability. (*Id.* at PageID at 76–80). Except for the charge of improperly handling firearms in a motor vehicle, each count in the indictment included a firearm or repeat violent offender specification. (*Id.*).

After initially entering a not guilty plea, Petitioner withdrew his initial plea and entered a negotiated plea of guilty to one count of voluntary manslaughter with a three-year firearm specification and one count of discharge of a firearm on prohibited premises with a three-year firearm specification. (*Id.* at PageID 342). The State and Petitioner jointly recommended a sentence of twenty-two years in the Ohio Department of Rehabilitation and Correction. (*Id.*). But on October 23, 2018, Petitioner was sentenced to serve a total prison sentence of twenty-five years. (*Id.* at PageID 110).

### Direct Appeal

On November 20, 2018, Petitioner filed a notice of appeal to the Ohio Court of Appeals. (*Id.* at PageID 114). In his appellate brief, Petitioner, through new counsel, raised the following single assignment of error:

> The trial court erred by not merging appellant's convictions for voluntary manslaughter and discharging a firearm on or near a prohibited premises for purposes of sentencing pursuant to the Fifth and Fourteenth Amendments to The United State Constitution, R.C. 2941.25, and Article I, Sections 10 and 16 of the Ohio Constitution.

(*Id.* at PageID 120–21).

On October 17, 2019, the Ohio Court of Appeals overruled Petitioner's assignment of error and affirmed the judgment of the trial court. (*Id.* at PageID 101–08).

### Ohio Supreme Court

On December 2, 2019, Petitioner, proceeding without the assistance of counsel, filed a timely notice of appeal to the Ohio Supreme Court. (*Id.* at PageID 182–97). In his memorandum in support of jurisdiction, Petitioner raised the following proposition of law:

> Whether the trial court erred by not merging convictions for voluntary manslaughter and discharging a firearm on or near a prohibited premises for purpose of sentencing pursuant to the Fifth and Fourteenth Amendments, R.C. 2941.25, and Article I, Section 10 and 16 of the Ohio Constitution.

(*Id.* at PageID 186).

On February 4, 2020, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal. (*Id.* at PageID 216). Petitioner did not seek further review with the United States Supreme Court.

### Federal Habeas Corpus

On February 17, 2023, Petitioner commenced the instant federal habeas corpus proceeding. (*See* Doc. 1). Petitioner raises the following single ground for relief in the Petition:

> **GROUND ONE**: Trial court erred by not merging Appellant's convictions for voluntary manslaughter and discharging firearm on proh. premises.
>
> **Supporting Facts**: Defendant pled guilty to a mandatory 22 years. A joint recommendation of both parties, but the Judge sentenced the defendant to 25 years and the Judge's decision not to honor the agreement was erroneous.

(Doc. 3, at PageID 33).

Respondent has filed a Return of Writ in opposition to the Petition (Doc. 8), to which Petitioner did not respond. According to Respondent, Petitioner's single ground for relief is time-barred, non-cognizable, and procedurally defaulted. (*See generally* Doc. 8).

5

**III. THE PETITION SHOULD BE DENIED.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to a state court judgement must file an application for a writ of habeas corpus within one year from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

No evidence in the record suggests that the above provisions apply to Petitioner's claim. Petitioner has not alleged that the State created an impediment that prevented him from filing the instant Petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. *See* 28 U.S.C. §§ 2244(d)(1)(B), (C). Petitioner's single ground for relief is based on an alleged error that occurred during sentencing. Consequently, Petitioner was aware of the facts underlying this claim, or this claim could have been discovered through the exercise of due diligence at the end of Petitioner's direct appeal. *See* 28 U.S.C. §

2244(d)(1)(D). Therefore, his ground for relief is governed by the one-year statute of limitations, which began to run when Petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Therefore, under § 2244(d)(1)(A), Petitioner's conviction became final on May 4, 2020, when the ninety-day period expired for filing a petition for a writ of certiorari to the United States Supreme Court based on the Ohio Supreme Court's February 4, 2020, entry declining jurisdiction to hear Petitioner's appeal. *See Lawrence v. Florida*, 549 U.S. 327, 333–34 (2007) (citing *Clay v. United States,* 537 U.S. 522, 527–28 (2003)) (noting that "direct review" for purposes of determining finality under § 2244(d)(1)(A) includes the time for seeking review from the United States Supreme Court). As such, the statute of limitations started running on May 5, 2020, the next business day after Petitioner's conviction became final, and expired one year later on May 5, 2021, absent the application of statutory or equitable tolling principles. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000)

And no statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. During the one-year limitations period, Petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2), based on his pending "properly filed" application for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). Petitioner did not file any applications for post-conviction relief or taken any additional action in the state courts before filing his habeas petition on February 17, 2023. Accordingly, it appears the Petition is time-barred unless Petitioner is entitled to equitable tolling.

The AEDPA's statute of limitations can be equitably tolled, *see Holland*, 560 U.S. at 645,

7

"when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[2] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, Petitioner has not shown that he has been diligent in pursuing his claim. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether Petitioner was diligent in pursuing federal habeas relief. *See Hall*, 662 F.3d at 749. In this case, Petitioner waited 1,019 days to file his habeas petition after his conviction and sentence became final. Accordingly, Petitioner has not demonstrated that he was diligent in pursuing his federal rights. *See Vroman*, 346 F.3d at 605 (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, Petitioner has not argued that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Therefore, Petitioner

---

[2] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework." *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler*, 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

8

has failed to demonstrate that he is entitled to equitable tolling, and the Petition is time-barred.

The Undersigned's opinion is not altered by Petitioner's claim that he was not advised of the outcome of his December 2, 2019, appeal to the Ohio Supreme Court. (*See* Doc. 3 at PageID 41–42). "Extraordinary circumstances warranting equitable tolling may 'exist when petitioners face a substantial, involuntary delay in learning about the status of their appeals,'" [b]ut 'petitioners who receive delayed notification of a state court judgment . . . may not seek equitable tolling if they 'passively await decision.'" *Brown v. Adams*, No. 21-5817, 2022 WL 3910513, at *2 (6th Cir. Aug. 25, 2022) (quoting *Robinson*, 424 F.App'x at 443); *see also Oberacker v. Noble*, No. 18-3589, 2018 WL 4620666, at *3 (6th Cir. Sept. 24, 2018) (finding equitable tolling unavailable where the petitioner passively awaited a decision on his appeals); *Thomas v. Warden*, No. 1:13-cv-919, 2014 WL 4093068, at *5 (S.D. Ohio Aug. 18, 2014) (finding that the petitioner was not entitled to equitable tolling for failing to monitor the status of his appeal and waiting over two years to inquire about his case status), *report and recommendation adopted*, 2014 WL 4426249 (S.D. Ohio Feb. 5, 2015). As detailed above, the Ohio Supreme Court declined jurisdiction over Petitioner's appeal on February 4, 2020. (Doc. 7, at PageID 216). Petitioner does not state when or how he became aware of that decision. However, by failing to monitor the status of his appeal or take any action until he filed the instant Petition three years later, Petitioner fails to demonstrate he was diligent in pursuing his rights or otherwise entitled to equitable tolling.

Finally, Petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'"

*McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

In sum, the Undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations outlined in 28 U.S.C. § 2254.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Petition be **DENIED** with prejudice, because the Petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue for Petitioner's single claim, which this Court has concluded is barred from review on procedural grounds. As such, under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis,* the Court should certify under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended by the Court on a timely motion for

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim in his time-barred ground for relief. *See Slack,* 529 U.S. at 484.

10

an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date: March 6, 2024  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE